**Grigoriy Ivanovich PRUS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73077.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2008.

Filed Aug. 18, 2008.

---

* The Honorable Valerie Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joel H. Wolff, Red Rock Legal, PLLC, Bellevue, WA, for Petitioner.

Allen W. Hausman, Jason X. Hamilton, Joan E. Smiley, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SEABRIGHT *, District Judge.

MEMORANDUM **

Grigoriy Ivanovich Prus, a citizen of Uzbekistan, petitions for review of a Board of Immigration Appeals' order affirming the Immigration Judge's denial of asylum and withholding of removal. We grant Prus's petition and remand.

█ Because the IJ found that Prus suffered past persecution in Uzbekistan on account of religion, he was entitled to a presumption that he had a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1); *Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir.1998). To rebut this presumption, the government may show there has been "a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 208.13(b)(1)(i)(A).

█ The IJ and the BIA concluded that the presumption was rebutted by evidence that Prus returned to Uzbekistan three times without incident. Prus testified that after having fled to Ukraine with his wife and son, he returned to Uzbekistan to appear for a visa interview and to travel to the United States, because he had been told that he could not do that from Ukraine. He also testified that he traveled in a manner to avoid detection. The IJ did not express any disbelief regarding this testimony. Except for testimony regarding his ability to legally remain in Ukraine, the IJ specifically found Prus's testimony to be credible. Instead, the IJ found that there was no credible evidence that the government of Uzbekistan was looking for Prus. Prus, however, was not required to establish that the government was actively looking for him. *See Hanna v. Keisler*, 506 F.3d 933, 938 (9th Cir.2007) ("Once past persecution is established, ... the burden shifts to the government to demonstrate that there has been a fundamental change in circumstances...."). The IJ found Prus to be a victim of past persecution, and the fact that he returned to Uzbekistan for the reasons stated did not prove that there had been a fundamental change in circumstances or that he no longer had a well-founded fear. People

---

\* The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

take risks when there are reasons to do so. *See Singh v. Moschorak,* 53 F.3d 1031, 1034 (9th Cir.1995) (noting a difference between "fortitude in the face of danger" and "absence of fear"). Prus's voluntary return trips to Uzbekistan are distinguishable from those of the petitioner in our recent case, *Loho v. Mukasey,* 531 F.3d 1016 (9th Cir.2008). Unlike the petitioner in *Loho,* who returned to her country to continue her employment after brief visits to the United States, Prus's return trips to Uzbekistan from Ukraine and the United States, respectively, were limited to an interview for a visa to travel to the United States and to visit his ill son in Ukraine. Those brief trips, by themselves, were not sufficient to rebut the presumption established by the finding of past persecution. *See Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1091–92 (9th Cir.2005).

■ The IJ also cited Prus's failure to apply for asylum the first two times he traveled to the United States as a reason to conclude that he did not have a well-founded fear of persecution in Uzbekistan, either subjectively or objectively. Prus testified that he left the United States to visit his ill son in Ukraine, and that he did not file for asylum because he understood that he could not leave the United States while such an application was pending. The IJ did not make any factual finding to the contrary. Prus's willingness to leave the United States to visit Ukraine proved little, if anything, about conditions in Uzbekistan. A reasonable fact finder could not have found that Prus's failure to apply for asylum on his first two trips to the United States proved that conditions in Uzbekistan had fundamentally changed such that the presumption which flowed from the finding of past persecution had been rebutted.

■ The IJ also denied Prus asylum as a matter of discretion because he had "safe haven" in Ukraine. Relying on *Matter of Pula,* 19 I. & N. Dec. 467, 473–74 (B.I.A. 1987), the BIA stated that "safe haven" was a proper ground for a discretionary denial of asylum. But *Pula* pre-dates the current regulation, 8 C.F.R. § 208.15, which governs "how and when an opportunity to reside in a third country justifies a denial of asylum." *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1138 (9th Cir. 2004); *see also Tandia v. Gonzales,* 437 F.3d 245, 249 (2d Cir.2006). Applicants may be denied asylum if they have "firmly resettled" in a third country. 8 U.S.C § 1158(b)(2)(A)(vi). The government may prove firm resettlement by showing that the asylum seeker has been offered "permanent resident status, citizenship, or some other type of permanent resettlement." 8 C.F.R. § 208.15. In this case, the BIA acknowledged that Ukraine had not offered Prus permanent residence, stating only that no barriers appeared to prevent him from obtaining Ukranian citizenship. Under the current regulation, the BIA's finding is not sufficient. Without an offer of some permanent status, Prus is not entitled to stay in Ukraine indefinitely and is not firmly resettled there under the terms of the regulation. *See Maharaj v. Gonzales,* 450 F.3d 961, 977 (9th Cir.2006) (en banc). *Pula* does not deal with the current regulation, so it cannot be used to support the exercise of discretion in this context. *See Mamouzian,* 390 F.3d at 1138. Since the BIA did not discuss or purport to interpret the current regulation, the exercise of discretion in this case cannot be sustained.

With regard to the claim for asylum, on remand the agency may reconsider the question of whether the presumption of well-founded fear of future persecution in

Uzbekistan has been rebutted. *See Lopez v. Ashcroft*, 366 F.3d 799, 806–07 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)). The government introduced a State Department report on the status of religious freedoms in Uzbekistan, but neither the IJ nor the BIA referred to this report or to any similar evidence. Any analysis of conditions in Uzbekistan must include an individualized assessment of the conditions and how Prus would be affected by them. *See Borja v. INS*, 175 F.3d 732, 738 (9th Cir.1999). If the BIA were to conclude that conditions were not fundamentally changed in ways sufficient to rebut the presumption, Prus must be deemed eligible for asylum, and the agency may exercise discretion, consistent with its regulations. *See Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir.2004).

Because Prus established he was persecuted in the past, he was also entitled to a presumption of eligibility for withholding of removal. *See Hanna*, 506 F.3d at 940. The IJ held he was ineligible for withholding from Ukraine, but did not evaluate Prus's request for withholding from Uzbekistan. On remand, the agency should evaluate whether the government has rebutted the presumption favoring withholding. *Id.*

Prus's petition for review is GRANTED and the matter is REMANDED for further proceedings.