**QUAN FU LI, a.k.a. Guo Li; Aiwu Zhang, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–70226.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Nov. 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Quan Fu Li, Pasadena, CA, pro se.

Aiwu Zhang, Pasadena, CA, pro se.

Alberto R. Gonzales, Attorney General, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, James Eugene Grimes, Senior Litigation Counsel, OIL, Julie M. Iversen, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Quan Fu Li and his wife, Aiwu Zhang, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Soto–Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir.2009), and

we dismiss in part and grant in part the petition for review.

Preliminarily, we reject the government's contention that Li's derivative claim should be denied where the lead asylum applicant, Zhang, did not petition for review of the agency's decision, because this court's records show that on April 29, 2009, the court sua sponte amended the docket to reflect that this petition for review also seeks review of the BIA's decision regarding petitioner Aiwu Zhang.

We decline to consider the evidence petitioners attached to their opening brief because our review is limited to the administrative record underlying the BIA's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc).

■ To the extent petitioners contend ineffective assistance of counsel, this court lacks jurisdiction to review the claim because it was not raised before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). A motion to reopen before the BIA is the proper method for raising an ineffective assistance of counsel claim.

■ The IJ's various implausibility findings related to petitioners' forced abortions and Christianity claim are not supported by substantial evidence because they are based on impermissible speculation and conjecture. *See Li v. Holder*, 559 F.3d 1096, 1103–07 (9th Cir.2009) (adverse credibility determination "riddled with speculation" not supported by substantial evidence); *see also Ding v. Ashcroft*, 387 F.3d 1131, 1138 (9th Cir.2004). In addition, Zhang testified consistently regarding when and why the family planning officials wanted to sterilize her husband, *see Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052–

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

54 (9th Cir.2002), petitioners were not given an opportunity to explain the apparent inconsistency regarding how often they attend church in the United States, *see Soto–Olarte*, 555 F.3d at 1091–92, and a review of the record shows that Zhang's testimony about her forced abortions did not lack specificity, *see Zheng v. Ashcroft*, 397 F.3d 1139, 1147 (9th Cir.2005).

■ Further, substantial evidence does not support the IJ's credibility finding with regard to Zhang's voluntary return to China, because she explained she returned to visit her dying mother, *cf. Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir.2008), and the IJ's inconsistency findings regarding Li's passport are minor and do not relate to the heart of petitioners' claims, *see Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999). Finally, because none of the IJ's adverse credibility findings are supported, corroboration is not required. *See Kaur v. Ashcroft*, 379 F.3d 876, 889–90 (9th Cir.2004). Thus, substantial evidence does not support the IJ's adverse credibility determination. *See Li*, 559 F.3d at 1102–03.

We therefore grant the petition for review and remand to the BIA for further proceedings on an open record. *Soto–Olarte*, 555 F.3d at 1093–96; *see also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.