FILED

NOV 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIYAZ AHMED MOGLOO, | No. 12-71230 |
| Petitioner, | |
| v. | Agency No. A088-393-493 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit
Judges.

Riyaz Mogloo, a citizen of India, petitions this court for review of the decisions

of the Board of Immigration Appeals ("BIA") and the immigration judge ("IJ")

denying his application for asylum, withholding of removal, and relief under the

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture.[1]  Specifically, they found that Mogloo was not credible and, even if he was, that he did not establish past persecution or a well-founded fear of future persecution.  When the BIA adopts the reasoning of the IJ and adds additional reasons, as in this case, we review both decisions. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).  We review the denial of asylum or withholding of removal, including credibility determinations, for substantial evidence. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006).  If the BIA fails to consider highly probative evidence, "'a catchall phrase' that the agency 'considered all the evidence' will not" meet the substantial evidence test. *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (remanding CAT claim under the substantial evidence test when the BIA failed to consider relevant evidence).

1.  When making his adverse credibility determination, the IJ relied primarily on *Loho v. Mukasey*, 531 F.3d 1016 (9th Cir. 2008), explaining that, like the petitioner in *Loho*, Mogloo made two return trips to India from the United States without applying for asylum, and stating that the facts in this case were similar to those in *Loho*.  In subsequent cases, however, we have distinguished *Loho*, in which the petitioner returned to avoid missing work, from cases in which the petitioner returned

---

[1] Mogloo has since waived the Convention Against Torture claim as he did not raise it in his opening brief.

for reasons for which he would be willing to risk persecution, such as visiting a sick or dying relative. *See Quan Fu Li v. Holder*, 351 F. App'x 195, 197 (9th Cir. 2009) (distinguishing *Loho* and finding that substantial evidence did not support the IJ's reliance on it because the petitioner returned home to visit her dying mother); *see also Prus v. Mukasey*, 289 F. App'x 973, 976 (9th Cir. 2008) ("Unlike the petitioner in *Loho*, who returned to her country to continue her employment after brief visits to the United States, Prus's return trips to Uzbekistan . . . were limited to an interview for a visa to travel to the United States and to visit his ill son in Ukraine. Those brief trips, by themselves, were not sufficient to rebut the presumption established by the finding of past persecution."). Here, Mogloo stated that he returned to India when his wife was threatened by militants and when his wife had pregnancy complications. In relying on *Loho* and characterizing the facts as similar, the IJ (and subsequently the BIA) made a clear error of law. Rather, they should have distinguished *Loho* as we did.

To the extent the IJ relied on inconsistencies in other parts of Mogloo's story (i.e. Mogloo being kicked by multiple police officers versus being kicked by one police officer and punched by others or petitioner being handcuffed to a chair versus being tied with rope to a chair), that reliance is based on trivial inconsistencies that do not weigh on credibility. *Ren v. Holder*, 648 F.3d 1079, 1086, 1090 (9th Cir. 2011)

Finally, the IJ discounted Mogloo's testimony because Mogloo did not provide corroboration of a number of his statements. The IJ, however, did not give the petitioner "notice and an opportunity to either produce the evidence or explain why it [was] unavailable before ruling that [he] has failed in his obligation to provide corroborative evidence and therefore failed to meet his burden of proof." *Ren*, 648 F.3d at 1090 (9th Cir. 2011). Unlike in *Ren*, in which we upheld an IJ's decision based on the lack of corroboration after the IJ told the petitioner he would not meet his burden of proof without corroborating evidence, identified the evidence needed, and then granted a five-month continuance for the petitioner to obtain the information, *id.*, here, for example, the IJ asked only if the petitioner had requested family members in India to write a statement "about what has happened." The IJ erred by not offering Mogloo a chance to obtain corroboration or to explain why he could not obtain such corroboration. In sum, the BIA and IJ's credibility determination based on lack of corroboration is legal error because Mogloo was not afforded notice or the opportunity to provide corroboration.

We remand with respect to credibility so that if the IJ wishes to consider making a new finding on that question he may pursue it on the basis of lack of corroborating evidence, but only if Mogloo is given notice of the desired evidence and

a reasonable opportunity to obtain it to the extent that it is probative and available. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1094-95 (9th Cir. 2014).

2. The BIA and IJ also erred in their alternative finding that Mogloo, even if credible, did not establish past persecution because they failed to consider highly probative evidence of violence directed against his family. *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004).

Mogloo alleged a series of violent acts, detentions, and invasive home searches directed against him *and his family* that occurred over 25 years. In 1990, Mogloo's house was searched and he was physically assaulted by members of the Indian army and Kashmir police when they came to his home in search of his brother, who was a separatist. He was then detained for five days and interrogated. A year later, the Indian army singled out his uncle on a passenger bus and reportedly shot and killed him based on his family's ties to separatists. In late 1992, the police again returned to Mogloo's home, searched it for his brother, and destroyed Mogloo's workshop. Over five years later, in 1998, Mogloo's brother was tortured by police for being a separatist; he lost an eye and had parts of three fingers burned off. Police again detained Mogloo in 2001, taking him to the police station for five days and interrogating him about his family's ties to separatists. Finally, in 2008, the Indian army and the police again searched his home–this time when he was away–after

discovering a picture of Mogloo and an old friend, who had since become a suspected militant.

The physical assault, multiple detentions, repeated home invasions, killing of Mogloo's uncle, and torturing of his brother make this case distinguishable from the cases the BIA and IJ cite in their decisions. Unlike Mogloo, the petitioners in those cases were subjected to at most a single, isolated incident. *See Gu v. Gonzalez*, 454 F.3d 1014 (9th Cir. 2006) (finding no past persecution where petitioner was detained and beaten once but had no adverse employment consequences); *Prasad v. I.N.S.*, 47 F.3d 336 (9th Cir. 1995) (upholding BIA decision finding no past persecution when petitioner was the subject of a single incident in which he was detained for four to six hours, interrogated about his political views, and kicked without lasting medical damages); *Al-Saher v. I.N.S.*, 268 F.3d 1143 (9th Cir. 2001) (upholding BIA finding of no past persecution where petitioner was targeted and detained only once based on a protected characteristic); *Singh v. I.N.S.*, 134 F.3d 962 (9th Cir. 1998) (finding no past persecution when petitioner was never detained, beaten, or subjected to degrading treatment by government forces and relied solely on a series of small thefts from her yard and garage and a single robbery of her home by an unknown party). Indeed, "while a single incident, in some instances, may not rise to the level of persecution, the cumulative effect of several incidents may constitute persecution." *Surita v.*

*I.N.S.*, 95 F.3d 814, 819 (9th Cir. 1996). The incidents can include threats and violence towards the petitioner, the petitioner's emotional trauma, and violence towards family members. For example, in *Mashiri*, we found past persecution when the petitioner faced repeated anti-foreigner threats, intimidation, and property crime; her family also suffered severe violence, but petitioner never suffered physical violence herself. 383 F.3d at 1121.

The BIA and IJ thus failed to consider relevant and probative evidence regarding Mogloo's claim of past persecution–the violence directed towards Mogloo's family. We therefore remand so that the IJ and BIA may consider the effect of the violence directed against Mogloo *and his family* in making any future finding on past persecution.

**PETITION GRANTED AND REMANDED.**